PATRICK E. HIGGINBOTHAM, Circuit Judge,
concurring:
There is no question but that the district court’s rejection of Hall’s claim of retardation must be affirmed — given that the district court had to defer to the state court’s factual findings by direction of this court.
Persuaded that the state court had denied Hall due process in its handling of his claim of retardation, I would have remanded to state court for “a hearing that not only affords the opportunity to confront and cross examine the state witnesses but also a hearing free of the deference the federal district court must give to the state adjudication of retardation ....'',[1] The able district court on remand, well aware of the panel division on this point, conducted a searching live hearing into Hall’s mental capacity and found — both with the commanded deference to the state court and as an original matter — that Hall was not retarded. While I do not retreat from my views that the state of Texas should have been given the opportunity to afford Hall the hearing due to him, I cannot but agree that Judge McBryde gave Hall’s claim all the care and attention due- — an exemplar of what the state ought to have done.

. Hall v. Quarterman, 534 F.3d 365, 397-98 (5th Cir.2008) (Higginbotham, J., concurring in part and dissenting in part).